# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

TONI-LYNN CHESTER,

    Plaintiff,

vs.

    Case No. 18-CV-159-GKF-JFJ

MINDY BEARE, et al.,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court *sua sponte* pursuant to Plaintiff's *pro se* pleading entitled "Notice of Removal to federal Court" (Dkt. 1).

Plaintiff seeks to remove Pittsburg County District Court Case No. CM-2017-00265 to this Court. Dkt. 1 at 1. Plaintiff alleges "[t]he Pittsburg County District Court and officers thereof have knowingly, willfully, and maliciously [1] deprived [her of] her right to due process," (2) "failed to prove jurisdiction," (3) "falsified information placed on the official record," (4) "issued invalid warrants," (5) "failed to produce a grand jury indictment," (6) "failed to produce an affidavit of truth sworn under pain and penalty of perjury by an injured party (corpus dilecti) alleging damage or injury caused by [her]," (7) "fail[ed] to provide a remedy by which relief is granted," (8) "depriv[ed] [her of] liberty without conviction," (9) "fail[ed] to produce proper identification, oaths and bonding information upon request," and (10) "fail[ed] to produce valid warrants upon request." *Id.* at 1-2.

Because Plaintiff has not attached any actual state court pleadings or filings in the underlying criminal case, the Court finds it difficult to determine whether this pleading actually "removes" an ongoing criminal proceeding or whether the Court should construe the pleading as

an original complaint raising constitutional violations occurring in conjunction with the criminal proceeding. Due to its title of "Notice of Removal to federal Court" and reference to a specific criminal proceeding by case number and court, the Court construes the filing as one seeking to remove a criminal proceeding to this Court.

Plaintiff's attempted removal of her criminal case fails for three reasons. First, Plaintiff fails to plead any statutory basis for removal. Even with the benefit of liberal construction afforded to *pro se* pleadings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991), the only possible statutory basis for removal is 28 U.S.C. § 1443(1). Section 1443(1) provides for removal of criminal prosecutions from state court to federal court if a person "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all of the persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision, however, requires the removing party to allege in the removal notice that (1) the right denied arises under a civil rights law protecting against racial discrimination, and (2) the right cannot be enforced in the state prosecution. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990). Here, Plaintiff's allegations are insufficient to satisfy the first requirement because, at most, they suggest her "prosecution and conviction will violate rights under constitutional . . . provisions of general applicability." *Johnson*, 421 U.S. at 219. Likewise, Plaintiff's allegations that the state court or court officials have denied her requests for production or other relief are insufficient to satisfy the second requirement. *See id.* (noting that second requirement "normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case" (internal quotation marks and citations omitted) (quoting *Georgia v. Rachel*, 384 U.S. 780, 799, 803 (1966)).

Second, Plaintiff's removal notice is procedurally defective. *See* 28 U.S.C. § 1455 (setting forth procedures for removal of criminal proceedings). Plaintiff failed to attach copies of "all process, pleadings, and orders served upon" her in the criminal proceeding. *See id.* § 1455(a). Thus, the Court cannot determine whether Plaintiff filed the removal notice within 30 days of arraignment. *See id.* § 1455(b)(1).

Third, even if Plaintiff could overcome these substantive and procedural deficiencies, she filed her notice of removal in the wrong federal district court. Section § 1455(a) requires a criminal defendant seeking removal to file a notice of removal "in the district court of the United States for the district and division within which [her] prosecution is pending." Plaintiff's criminal prosecution is pending in Pittsburg County District Court which is located in the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b).

In sum, the Court construes Plaintiff's *pro se* pleading as an attempted removal of Case No. CM-2017-00265, pending in Pittsburg County District Court. As discussed, Plaintiff's removal notice is substantively and procedurally defective and she filed it in the wrong court. Because it "clearly appears on the face of the notice . . . that removal should not be permitted" the Court remands this matter to Pittsburg County District Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Case No. CM-2017-00265 is **remanded** to the District Court of Pittsburg County, Oklahoma.

**DATED** this 9th day of April 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE